# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**EDDIE LAREECE PITTMAN**                                                                 **PLAINTIFF**

v.                              **Case No. 3:19-cv-00239-LPR**

**NICE-PAK PRODUCTS, INC.**                                                              **DEFENDANT**

## ORDER EXTENDING TIME TO FILE APPEAL

On August 26, 2019, Plaintiff filed a lawsuit alleging that Defendant violated Title VII of the Civil Rights Act of 1964.[1] On September 3, 2021, the Court granted Defendant's Motion for Summary Judgment.[2]

The deadline to file a timely notice of appeal was October 4, 2021.[3] Plaintiff's notice of appeal was marked by the Clerk as filed on October 6, 2021.[4] That meant the notice of appeal was two days late.

On October 12, 2021, Defendant-Appellee filed a Motion in the Eighth Circuit to dismiss Plaintiff's appeal as untimely.[5] Plaintiff-Appellant opposed that Motion on October 19, 2021.[6] In his Opposition, Plaintiff-Appellant explained that he mailed the notice of appeal on October 2, 2021, with the expectation (based on verbal information provided by the Postal Service) that the notice would be delivered before 5 p.m. on October 4, 2021.[7] Plaintiff-Appellant's point appears to be that the failure to timely get the notice of appeal to the Clerk's Office was due in part to a

---

[1] Compl. (Doc. 2); *see also* Am. Compl. (Doc. 12).

[2] Order & Judgment (Docs. 67, 68).

[3] Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of judgment or order appealed from.").

[4] Notice of Appeal (Doc. 70).

[5] Order (Doc. 73) at 1.

[6] *Id.* at 2.

[7] *Id.*

delay by the Postal Service.[8]  Plaintiff-Appellant's explanation is fairly consistent with the USPS tracking information associated with the mailing of the notice of appeal.[9]

The Eighth Circuit construed Plaintiff-Appellant's Opposition as a Motion for an Extension of Time under Federal Rule of Appellate Procedure 4(a)(5).  The Eighth Circuit remanded the Motion to this Court for the "limited purpose" of considering the extension request.[10]  This Court then gave Defendant an opportunity to respond to Plaintiff's Motion.[11]  Defendant has now filed a Brief arguing against Plaintiff's Motion.[12]

After considering the arguments made by each party, the Court has decided to grant Plaintiff an additional 30 days from October 4, 2021, to file his notice of appeal.  Rule 4(a)(5) provides that a "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."  Both prongs are satisfied here.  First, Plaintiff filed his Motion on October 19, 2021, which is within 30 days of the original appeal deadline on October 4, 2021.  Second, as discussed below, Plaintiff meets the excusable neglect standard.

Both parties focus their arguments on excusable neglect.  That makes sense given Plaintiff's admission that he waited too long to mail his notice of appeal because he "simply was so occupied with other agendas."[13]  Essentially, Plaintiff concedes that he should've mailed the

---

[8] Ex. A to Def.'s Opp'n to Pl's Mot. for an Extension of Time to File Appeal (Doc. 77-1).

[9] *Id.*  The estimated arrival date and time for the tracking number of this delivery says October 4, 2021, by 6 p.m.  Obviously, there is a discrepancy between Plaintiff-Appellant's claim that the Postal Service told him the package would be delivered by 5 p.m. on October 4, 2021, and the tracking information that suggests a 6 p.m. delivery cut-off.  However, the Court concludes that it is more likely than not that the postal employee inaccurately told Plaintiff-Appellant that the package would arrive during business hours on October 4, 2021.

[10] Order (Doc. 73).

[11] Text Order (Doc. 74).

[12] Def.'s Opp'n to Pl's Mot. for an Extension of Time to File Appeal (Doc. 77).

[13] Order (Doc. 73) at 2.

notice of appeal sometime earlier than two calendar days before the filing deadline.

The advisory committee notes to the 2002 Amendment to Rule 4 provide that the excusable neglect standard "applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant."[14]  When considering whether the movant's neglect is excusable, "the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[15]  Courts consider four circumstances when determining whether neglect is excusable: "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[16]  "The movant's reason for missing the deadline is key to the analysis."[17]

The first two factors weigh in favor of finding excusable neglect. Because the filing was only two days late, the danger of prejudice to Defendant, the length of delay, and that delay's potential impact on judicial proceedings are all minimal.[18]  Plaintiff emailed the notice of appeal to Defendant on October 2, 2021, which means Defendant was on notice that Plaintiff intended to appeal before the original deadline expired.  (It also suggests that Plaintiff was acting in good

---

[14] Fed. R. App. P. 4 advisory committee's note to 2002 amendment.  On the other hand, the good cause standard "applies in situations where there is no fault—excusable or otherwise." *Id.*  "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id.*

[15] *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[16] *Gould ex rel. St. Louis-Kansas City Carpenters Reg'l Council v. Bond*, 1 F.4th 583, 588 (8th Cir. 2021) (citations omitted).

[17] *Id.* (citations and internal quotation marks omitted).

[18] *See Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) ("The first two factors weigh in favor of [movant]: because the filing was only one day late, both the danger to the non-moving party and the length of delay were minimal.").

faith.[19])

Plaintiff's reason for delay obviously cuts against him. He doesn't have a good justification as to why he failed to file or to send his notice of appeal within the first 28 days of his original appeal period. However, Plaintiff attempted to comply with the appeal deadline by using expedited shipping to send his notice before the original appeal deadline expired. And the Postal Service assured him that his notice of appeal would be delivered by the deadline. That's enough to find that the notice's lateness was excusable. It's also enough to show good faith.

Plaintiff's Motion for an Extension of Time to File his Notice of Appeal is GRANTED. The Court extends the deadline to appeal from October 4, 2021, to November 3, 2021. Plaintiff filed his notice of appeal on October 6, 2021. So, Plaintiff's appeal now appears to be timely. The Clerk is directed to notify the Eighth Circuit of this Court's decision.[20]

It is so ordered this 28th day of October 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[19] Order (Doc. 73) at 2.

[20] *Id.* at 1 ("The district court is directed to advise this court of its ruling.").