IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**EDDIE LAREECE PITTMAN**                                                         **PLAINTIFF**

**v.**                                  **Case No. 3:19-cv-00239-LPR**

**NICE-PAK PRODUCTS, INC.**                                                    **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Costs.[1] Defendant seeks $1,044.75.[2] For the reasons stated below, the motion is granted.

A party that prevails in a summary judgment can seek reimbursement for the costs associated with the litigation.[3] The relevant federal rule and statute provide the Court with a significant amount of discretion in determining whether to award costs.[4] This discretion, however, is not boundless. And, the losing party, Mr. Pittman, carries the burden of showing that awarding costs would be inequitable.[5] Mr. Pittman has not done so. Rather, he reasons simply that it is "not right to punish [him]."[6] The award of costs, however, are not a punishment; they are an assumed risk of litigation.

Mr. Pittman brought his discrimination case *in forma pauperis*; however, indigency alone

---

[1] Defendant's Motion for Costs, Doc. 69.

[2] Bill of Costs, Doc. 69-1. Although Defendant paid $1,754.50 for transcription services and $200.00 for *pro hac vice* admission fees, it only seeks reimbursement for the original transcript ($844.75) and the *pro hac vice* admission fees ($200).

[3] Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.

[4] Fed. R. Civ. P. 54(d)(1) (stating that "costs should be allowed" to the prevailing party "unless . . . a court order provides otherwise."); *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989) (recognizing that both Rule 54(d) and § 1920 are "phrased in permissive terms."); *see also Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 886 (8th Cir. 2016) (cost decisions reviewed for abuse of discretion).

[5] *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

[6] Mr. Pittman's Response, Doc. 75.

does not protect a *pro se* litigant from bearing responsibility for costs.[7]  In reviewing Defendant's motion, I am reminded that Mr. Pittman's underlying discrimination claim was just barely better than frivolous.  I recognize that allowing costs against an indigent plaintiff may, at times, have "a chilling effect on persons who seek their rights under antidiscrimination laws;"[8] however, the circumstances of this case--primarily the essentially speculative and completely unproven allegation of discrimination--merit the award of costs to Defendant.  Moreover, the costs sought by Defendant are not exorbitant--particularly in light of the fact that Defendant reduced its requests from those it actually expended.

IT IS SO ORDERED this 9th day of November, 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[7] *See* 28 U.S.C. §1915(f)(1) (providing for the assessment of costs against *pro se* litigants).

[8] *Stricklin v. Dolgencorp, LLC.*, 2013 WL 2096211, *2 (E.D. AR May 14, 2013) (internal citation omitted); *see also Draper v. Rosario*, 836 F.3d 1072, 1087-1089 (9th Cir. 2016) (enumerating factors to be considered in awarding costs).